UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
CASE NO.: 8:13-CV-1534-T-17TGW

A.R. ex rel. LISA MATLOCK, an individual,
on behalf of herself and all others similarly situated,

    Plaintiff,

v.                                                    **COMPLAINT - CLASS ACTION**

MEDICREDIT, INC., a foreign corporation,
and THE OUTSOURCE GROUP, LLC,
a foreign limited liability company,

    Defendants.
_____/

## CLASS ACTION COMPLAINT FOR STATUTORY DAMAGES AND INJUNCTIVE RELIEF UNDER 47 U.S.C. § 227 *et seq.*, THE TELEPHONE CONSUMER PROTECTION ACT
### JURY DEMAND

1. "All too often the invasion of privacy itself will go unknown. Only by striking at all aspects of the problem can privacy be adequately protected." S. Rep. No. 1097, at 69. See also Hearings on H. R. 3378 before the Subcommittee on Courts, Civil Liberties, and the Administration of Justice of the House Committee on the Judiciary, 99th Cong., 1st Sess. and 2d Sess., 290 (1986).

2. Plaintiff, LISA MATLOCK on behalf of her minor child "A.R.", brings this class action suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*, ("TCPA"), which prohibits unauthorized autodialed and/or prerecorded and/or artificial voice messages to cell phones. In violation of the

TPA 17807

prerecorded and/or artificial voice messages to cell phones. In violation of the TCPA, Defendants have engaged in an illegal scheme of obtaining thousands upon thousands of consumers' cellular telephone numbers and have illegally called said consumers using either an automatic telephone dialing system as well as placing calls which used both an artificial and/or prerecorded voice. More simply put, without first obtaining prior express consent of the called party, Defendants have illegally called the cellular telephones of tens of thousands of individuals.

3. By effectuating these unauthorized phone calls, Defendants have caused consumers actual harm, not only because consumers were subjected to the aggravation that necessarily accompanies these "robocalls", but also because consumers frequently have to pay their cell phone service providers for the receipt of such calls. In order to redress these injuries, Plaintiff, on behalf of herself and the proposed class of similarly situated individuals, brings this suit under the TCPA, which specifically prohibits unauthorized autodialed and/or artificial voice calls to cell phones. On behalf of the class, Plaintiff seeks an injunction requiring Defendants to cease their illegal behavior and an award of statutory damages to the class members, together with costs and reasonable attorney's fees.

## JURISDICTION AND VENUE

4. This court has jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227. This Court also has jurisdiction under 28 U.S.C. § 1332(d). Venue in this

District is proper because Plaintiff resides here and Defendants conduct business and placed calls into this District. There is a diversity of citizenship with all Defendants and the total amount in controversy exceeds $5 million dollars exclusive of interest and costs. None of the exceptions to 28 U.S.C. § 1332(d) are applicable in the instant action.

## PARTIES

5. Plaintiff, LISA MATLOCK by and through her minor child A.R. ("Plaintiff" or "Ms. Matlock"), are natural persons, and citizens of the State of Florida, currently residing in this District.

6. Defendant MEDICREDIT, INC. is a registered corporation in the State of Missouri, with its headquarters at Three City Place Drive, Suite 690, St. Louis, Missouri 63141.

7. Defendant THE OUTSOURCE GROUP, LLC ("TOG") is a citizen of Missouri, and has its headquarters in St. Louis, Missouri, at the same location as Medicredit: Three City Place Drive, Suite 690, St. Louis, Missouri 63141.

8. The two defendants act in concert to provide health care related services and products, including the debt collection that is the subject of this case.

## FCC FINDINGS REGARDING AUTOMATED OR PRERECORDED CALLS TO CELLULAR TELEPHONES

9. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations

3

implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. *See In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

10. Furthermore, the FCC has clarified that any equipment that has the capacity to dial numbers without human intervention constitutes an "automatic telephone dialing system" pursuant to the TCPA. *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 23 F.C.C.R. 559 ¶¶ 12-14 (Jan. 4, 2008).

11. Under the TCPA and pursuant to the 2008 Declaratory Ruling, the burden is on Defendant to demonstrate that Plaintiffs provided express consent within the meaning of the statute. *See FCC Declaratory Ruling*, 23 F.C.C.R. at 565 (¶ 10).

## FACTUAL ALLEGATIONS

12. Since early 2011, and possibly earlier, defendants have been calling plaintiff on her cellular telephone.

13. For example, defendants (or some person on their behalf) called plaintiff using the caller ID 866-316-9222, on at least the following approximate dates and times:

| | |
|---|---|
| 03/24/11 | 6:36PM |
| 03/24/11 | 6:37PM |
| 05/19/11 | 4:12PM |
| 02/09/12 | 11:41AM |
| 08/16/11 | 5:21PM |
| 09/19/11 | 3:47PM |
| 09/27/11 | 11:24AM |
| 09/28/11 | 2:47PM |
| 10/05/11 | 1:32PM |
| 10/10/11 | 5:15PM |
| 10/17/11 | 8:59PM |
| 10/24/11 | 2:32PM |
| 11/01/11 | 3:57PM |
| 11/01/11 | 4:08PM |
| 11/11/11 | 3:58PM |
| 11/14/11 | 4:49PM |
| 12/07/11 | 1:09PM |
| 01/19/12 | 3:21PM |
| 04/23/12 | 02:50PM |
| 04/26/12 | 04:33PM |
| 06/08/12 | 08:54AM |
| 06/12/12 | 04:42PM |
| 06/12/12 | 07:53PM |

14. Upon information and belief, Plaintiff's cellular telephone number was obtained through a third party electronic database during the skip-tracing process. A third party electronic database in this context is defined as a business such as Google, First Data Resources, Accurint, MasterFiles, or any other similar company, which is in the market of either selling or otherwise providing personal consumer information (i.e. telephone numbers) to debt collectors and/or other companies.

5

15. Upon information and belief, these calls were made using an automatic telephone dialing system, also known as an "ATDS" or "auto-dialer"; the auto-dialer used by Defendants had the capacity to dial numbers without human intervention. It also had the capacity to store or produce telephone numbers to be called using a random or sequential number generator and to dial such numbers.

16. Defendants did not have the prior express consent of Plaintiff, or the other class members, either to call her cellular telephone using an auto-dialer and/or prior express consent to make calls to her cellular telephone using an artificial voice and/or prerecorded message.

17. On or about October 27, 2011, plaintiff sent a fax to Medicredit, indicating that calls should cease. Medicredit received this fax, but the calls did not stop.

18. Defendants knew that their calls may have violated the TCPA. Indeed, TOG has a TCPA white paper on its website, available at http://theoutsourcegroup.com/hot-industry-topics-old-law-has-costly-new-impact.php, which notifies website visitors that they should obtain prior express consent to make autodialed calls before engaging a predictive dialer.

## **CLASS ACTION ALLEGATIONS**

19. This action is brought on behalf of a class consisting of (i) all persons nationwide; (ii) who received a call; (iii) on their cellular telephone; (iv) during the four year period prior to the filing of the complaint in this action through the date of certification; (v) by either defendant or on its behalf; (vi) and the call was placed using an automatic telephone dialing system, or which contained either an artificial and/or a prerecorded voice message; (vii) and there was no consent to make such call (for example, the cellular telephone number was obtained through a third party, defendant had been notified that it was calling the wrong number, or there was a cease and desist that was not heeded).

20. Because it is partially based upon a "consent" affirmative defense which has not yet been raised, further refinement of the class definition may be appropriate after discovery has been taken.

21. Plaintiff alleges on information and belief based upon the Defendants' use of mass telephone dialing techniques that the class is so numerous that joinder of all members of the class is impractical.

22. There are questions of law or fact common to the class, which common issues predominate over any issues involving only individual class members. The common factual and/or legal issues common to each class member are as follows:

7

 (a) Whether Defendants' conduct is governed by the TCPA?

 (b) Whether the calls by Defendants violated the TCPA?

 (c) Are the class members entitled to treble damages based upon the willfulness of Defendants' conduct?

 (d) Whether Defendants should be enjoined from engaging in such conduct in the future?

23. Plaintiff's claim is typical of those of the class members. All claims are based on the same facts and legal theories.

24. Plaintiff will fairly and adequately protect the interests of the class. She has retained counsel experienced in handling actions involving unlawful practices under the TCPA and class actions. Neither Plaintiff nor her counsel has any interests which might cause them not to vigorously pursue this action.

25. Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

 (1) The questions of law or fact common to the members of the class predominate over any questions affecting an individual member, and such common questions are dispositive ones, such that whether the class wins or loses will be determinable through one broad stroke.

(2) A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Many class members are undoubtedly unaware that their rights have been violated, and the small stakes for individual claims render this type of case appropriate for class treatment.

26. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that Defendants have acted on grounds generally applicable to the class thereby making appropriate relief with respect to the class as a whole.

27. Plaintiff requests certification of a hybrid class under Rule 23(b)(3), Federal Rules of Civil Procedure, for monetary damages and pursuant to Rule 23(b)(2) for injunctive relief.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

28. Plaintiff incorporates all previous paragraphs.

29. Defendants placed telephone calls to cellular telephones (i.e. members of the class) using either an automatic telephone dialing system or which contained an artificial voice message and/or a prerecorded voice message.

30. The calls were made without the prior express consent of the called parties.

31. The aforesaid calls were made in violation of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii).

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and in favor of the class, and against Defendants for:

    (a)    An order certifying this case to proceed as a class action;

    (b)    Minimum statutory damages of $500 dollars per call;

    (c)    Willful or knowing damages of up to $1500 dollars per call;

    (d)    An injunction requiring Defendant to cease all communications in violation of the TCPA;

    (e)    Reasonable attorney's fees and costs; and

    (f)    Such further relief as this Court may deem appropriate.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated this 10th Day of June, 2013.

    Respectfully submitted,

    SCOTT D. OWENS, P.A.
    664 E. Hallandale Beach Blvd.
    Hallandale, FL 33009
    Tel: 954-589-0588
    Fax: 954-337-0666
    scott@scottdowens.com

    By: *s/Scott D. Owens*
    Scott D. Owens, Esq.
    Florida Bar No. 0597651

Alexander H. Burke, Esq.<br>
BURKE LAW OFFICES, LLC<br>
155 N. Michigan Ave., Suite 9020<br>
Chicago, IL 60601<br>
(312) 729-5288<br>
(312) 729-5289 (fax)<br>
ABurke@BurkeLawLLC.com<br>
www.BurkeLawLLC.com

## **DOCUMENT PRESERVATION DEMAND**

Plaintiff hereby demands that the defendant take affirmative steps to preserve all recordings, data, emails, recordings, phone records, dialer records, documents and all other tangible things that relate to the allegations herein, plaintiff or the putative class members, or the making of telephone calls, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff or the putative class members, and any account or number or symbol relating to any of them. These materials are very likely relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

<i>s/Scott D. Owens</i>